

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-21-2007

# Flake v. US Dept Labor

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-2075

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Flake v. US Dept Labor" (2007). *2007 Decisions.* Paper 409.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/409

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NON-PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Case No: 04-2075

TIMOTHY E. FLAKE,
Petitioner
v.


U.S. DEPARTMENT OF LABOR,
ADMINISTRATIVE REVIEW BOARD
Respondent

New World Pasta Company,
Intervenor
(*Pursuant to Clerk's Order of 8/30/06)

_____

On Petition for Review from the Administrative Review Board,
U.S. Department of Labor
ARB Case No.: 03-126
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
September 19, 2007

Before: SLOVITER, SMITH, and GARTH, *Circuit Judges*

(Filed: September 21, 2007)
_____

OPINION
_____

SMITH, *Circuit Judge*.

Petitioner Timothy E. Flake asks this Court to reverse the decision of the

Administrative Review Board ("ARB") of the U.S. Department of Labor and hold that

his former employer, New World Pasta Company, was covered by the whistleblower protection provision of the Sarbanes-Oxley Act. Respondent is the Secretary of the U.S. Department of Labor.[1] The Secretary maintains that Flake's whistleblower claim was discharged when New World Pasta emerged from Chapter 11 bankruptcy. New World Pasta intervened in this case to assert that Flake's claim was discharged and, in the alternative, that the ARB's decision was correct. We will deny the petition.

I.

In 1999, New World Pasta registered an issue, due in 2009, of 9¼ percent Senior Subordinated Notes in the principal amount of $160 million with the Securities Exchange Commission. At all times since the issue, there have been fewer than 300 record holders of the notes. The indenture agreement governing the notes required New World Pasta to file a copy of "all quarterly and annual financial information that would be required to be contained in a filing with the [Securities Exchange] Commission on Forms 10-Q and 10-K if the Company were required to file such forms," and "all current reports that would be required to be filed with the Commission on Form 8-K if the Company were required to file such reports." According to the agreement, such filings were to be made "[w]hether or not [they were] required by the Commission."

Flake was employed by New World Pasta as its Corporate Controller and Chief

---

[1]The case was filed under the heading *Flake v. United States Department of Labor, Administrative Review Board*. However, the Secretary of the Department of Labor is the respondent in this appeal. The ARB is the entity whose decision Flake asks us to review.

Accounting Officer. Flake was suspended by New World Pasta on November 11, 2002. On January 29, 2003, he filed a complaint with the Occupational Safety and Health Administration ("OSHA") pursuant to the whistleblower protection provision of the Sarbanes-Oxley Act of 2002, 18 U.S.C. § 1514A ("the Act"). He alleged that New World Pasta retaliated against him because he had informed his supervisor of material accounting irregularities. Flake's employment was terminated on March 21, 2003.

OSHA investigated Flake's complaint and, on April 9, 2003, found that New World Pasta had not violated the Act. *See* 49 U.S.C. § 42121(b)(2) and 29 C.F.R. § 1980.105(a)(2) and (b). On May 12, 2003, Flake filed objections to OSHA's findings and requested a hearing before an Administrative Law Judge ("ALJ"). *See* 49 U.S.C. § 42121(b)(2)(A) and 29 C.F.R. § 1980.106(a). On July 7, 2003, the ALJ granted New World Pasta's motion for summary decision on the grounds that New World Pasta was not covered by the whistleblower protection provision of the Act.

Flake appealed to the ARB on July 21, 2003. On February 25, 2004, the ARB affirmed the ALJ's decision and dismissed the complaint. On April 20, 2004, Flake petitioned this Court for review of the ARB's decision.[2]

---

[2]The Secretary of the Department of Labor had subject matter jurisdiction over Flake's complaint based on 18 U.S.C. § 1514A(b)(1)(A). The Assistant Secretary of OSHA had responsibility for receiving and investigating whistleblower complaints per Secretary's Order 5-2002; Delegation of Authority and Assignment of Responsibility to the Assistant Secretary for Occupational Safety and Health, 67 Fed. Reg. 65,008 (Oct. 22, 2002). *See also* 29 C.F.R. §§ 1980.104 and 1980.105. We have jurisdiction to review the Secretary's order under 49 U.S.C. § 42121(b)(4)(A).

On May 10, 2004, New World Pasta filed a voluntary petition for relief under Chapter 11 of the U.S. Bankruptcy Code in the U.S. Bankruptcy Court for the Middle District of Pennsylvania. *See* 11 U.S.C. § 101 et seq. On or about May 27, 2004, Flake was served with notice of the bankruptcy case by mail. On June 7, 2004, Flake filed a letter which was construed as a motion for a suggestion of bankruptcy in this Court, and which was granted on June 22, 2004. The appeal was stayed until either the automatic stay in the bankruptcy case was lifted or the claims discharged. New World Pasta emerged from bankruptcy on December 7, 2005. The plan of reorganization discharged all pre-petition claims against the company and enjoined the prosecution of discharged claims. *See* 11 U.S.C. § 1141; 11 U.S.C. § 524.

II.

Flake asserts that the ARB's decision that the terms of 18 U.S.C. § 1514A(a) do not apply to New World Pasta is erroneous. The relevant portions of section 1514A provide that

> No company with a class of securities registered under section 12 of the Securities Exchange Act of 1934 (15 U.S.C. 78*l*), or that is required to file reports under section 15(d) of the Securities Exchange Act of 1934 (15 U.S.C. 78o(d)), ... may discharge, demote, suspend, threaten, harass, or in any other manner discriminate against an employee in the terms and conditions of employment because of any lawful act done by the employee–(1) to provide information ... regarding any conduct which the employee reasonably believes constitutes a violation of section 1341, 1343, 1344, or 1348, any rule or regulation of the Securities and Exchange Commission, or any provision of Federal law relating to fraud against shareholders, when the information or assistance is provided to ... (C) a person with supervisory authority over the employee....

4

*Id.* Flake does not contest that New World Pasta does not have a class of securities registered under section 12 of the Securities Exchange Act. Instead, Flake asserts that New World Pasta was subject to the whistleblower protection provision in § 1514A(a) because it had publicly traded debt and it was required to file reports under section 15(d) of the Securities Exchange Act. New World Pasta asserts that because it had fewer than 300 record holders at the time Flake was hired through his termination, it was not required to make any filings with the Commission pursuant to section 15(d).

Flake's argument that New World Pasta is required to file reports under section 15(d) of the Securities Act of 1934, 15 U.S.C. § 78o(d), is premised on the terms of the indenture agreement. He asserts that even if New World Pasta was not statutorily required to file reports, the agreement with its debtholders is sufficient to show that the company was required to make such filings "under section 15(d)." We do not need to resolve this question, however, because Flake's claim was discharged in the bankruptcy proceeding.

The confirmation order of New World Pasta's reorganization plan was issued on November 21, 2005. The order stipulated that

> [A]ll existing Claims against ... the Debtors shall be, and shall be deemed, discharged and terminated, and all holders of Claims ... shall be precluded and enjoined from asserting against the Debtors ... any other or further Claim ... based upon any act or omission, transaction, or other activity of any kind or nature that occurred prior to the Effective Date....
>
>                \*    \*    \*
>
> [E]ach holder ... of a Claim ... shall be deemed to have forever waived, released, and discharged the Debtors, to the fullest extent permitted by section 1141 of the Bankruptcy Code, of and from any and all Claims, rights, and liabilities that arose prior to the Effective Date. Upon the Effective Date, all such persons forever shall be precluded and enjoined,

> pursuant to section 524 of the Bankruptcy Code, from prosecuting or asserting any such discharged Claim against ... the Debtors.

Flake received multiple notices regarding the bankruptcy proceedings. His name and address appeared on the service lists for the "Notice of Commencement of Chapter 11 Bankruptcy Cases," dated June 4, 2004; the "Notice of Motion of Debtors for Order Establishing a Bar Dates For Filing Proofs of Claim and Approving the Manner and Notice Thereof," dated August 13, 2004; a notice of various motions by the debtors, including scheduling a hearing and establishing a hearing for confirmation of the reorganization plan, dated July 29, 2005; and on "Schedule F–Creditors Holding Unsecured Non-Priority Claims."

As a known creditor of New World Pasta, Flake was entitled to actual written notice of the bankruptcy filing and bar date for claims. *See, e.g.*, *City of New York v. New York, N.H. & H.R. Co.*, 344 U.S. 293, 296 (1953); *Chemetron Corp. v. Jones*, 72 F.3d 341, 346 (3d Cir. 1995). The bankruptcy filings indicate that he was served with the requisite notice, and he does not suggest otherwise. To the contrary, Flake wrote to this Court that he had been "informed by counsel for New World Pasta Corporation that they have filed for bankruptcy," and expressed his opinion that his "appeal must be stayed pending the completion of the bankruptcy proceeding." His letter was construed as a suggestion of bankruptcy and was accepted. Accordingly, Flake received due process of law. *See, e.g.*, *Jones v. Chemetron Corp.*, 212 F.3d 199, 209 (3d Cir. 2000) ("[I]f a potential claimant lacks sufficient notice of a bankruptcy proceeding, due process

considerations dictate that his or her claim cannot be discharged by a confirmation order.").

As in *Chemetron Corp. v. Jones*, "[e]xcept for narrow statutory exceptions not relevant here, confirmation of the debtor's reorganization plan discharges all prior claims against the debtor." 72 F.3d at 346; *see also* 11 U.S.C. § 1141(d)(1)(A); 11 U.S.C. § 524(a)(2). Flake filed his complaint with OSHA on January 29, 2003, over a year before New World Pasta's petition for bankruptcy relief. That complaint constituted a claim under 11 U.S.C. § 101(5)(A), which was subsequently discharged by the terms of the reorganization plan for New World Pasta. Because his claim was discharged and he is statutorily precluded from continuing to prosecute it, we will dismiss Flake's petition for review of the ARB's decision.[3]

---

[3]Alternatively, even if Flake's claim was not discharged in bankruptcy, our independent review of the record reveals that the Administrative Review Board was not clearly erroneous in finding that the whistleblower provision under Section 806 of the Sarbanes-Oxley Act does not apply to New World Pasta and thus does not make relief available to Flake. Because there have been fewer than 300 holders of New World Pasta registered securities since its inception, the company's duty to file reports under Section 15(d) of the Securities Exchange Act of 1934 was automatically suspended by statute. *See* 15 U.S.C. § 78o(d). Flake's arguments regarding the legislative history and public policy underlying the Sarbanes-Oxley Act are without merit, since 15 U.S.C. § 78o(d) expressly excludes closely-held companies such as New World Pasta from the Act's provisions, which are aimed at widely-held public corporations.